UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENA LOUISE HARDY,

Case No. 1:19-cv-495

Plaintiff,

Hon. Robert J. Jonker

v.

PACKAGING CORPORATION OF
AMERICA,

Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Gena Louise Hardy.  For the reasons

set forth below, this complaint should be dismissed without prejudice.

Plaintiff's complaint consists of a one-page letter, in which she complains of

discrimination, harassment (intimidation), sexual harassment (flirtation), and retaliation "which

resulted in limited offer for hire, promotion and eventually being fired" on July 18, 2017.  Compl.

(ECF No. 1, PageID.2).   Plaintiff's letter stated in pertinent part as follows:

> I began working for Manpower Group (Employment Agency), which
> assigned me to Packaging Corporation of America (PCA) on January 23, 2017.
> PCA has over 500 employees and has establishments across the country. I was
> assigned a 1st shift, janitorial position which changed my rate of pay from $10.50
> to $14.65. Though I was an employee of Manpower, I was offered a temp to hire
> position by Packaging Corporation of American, whom decided to end my
> assignment on July 18, 2017, while I was in the hiring phase of this company. The
> over-the-phone decision to fire me on this day, PCA claimed I was being fired for
> Quality Inspection and Safety issues. I disagreed with this because I was never
> given any written or verbal warnings from both companies. On July 7th, I took a
> drug test. I was told by my supervisor days prior, a background check was being
> conducted from me to be hired.

*Id*.  Plaintiff also refers to "Curtis Cheves [sic] sexual harassment tendency" and "being bullied by Monte Johnson by his intimidation tendencies." *Id*.   Plaintiff further states that she "was in the hiring phase (drug test and background check)" and that "[a]fter making this complaints to Manpower and PCA, I was fired while I was preparing to become a full time employee." *Id*.

Plaintiff seeks relief under Title VII of the Civil Rights Act.  *Id*.  For her relief plaintiff asks for a judgment in the amount of $100,000.00, further stating that "[h]owever, I'll accept a job with PCA, located in Tampa, Florida." *Id*.  Finally, the record reflects that plaintiff filed a claim with the United States Equal Employment Opportunity Commission (EEOC), which dismissed her claim on March 3, 2019.  *See* EEOC Dismissal (ECF No. 1-1).

## II.     Discussion

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 6).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Plaintiff brought her claims under Title VII of the Civil Rights Act of 1964, which "prohibits an employer from discriminating, 'against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." *Wright v. AutoZone Stores, Inc.*, 951 F. Supp. 2d 973, 983 (W.D. Mich. 2013).

> A plaintiff may establish a violation of Title VII by proving that discrimination based on sex created a hostile or abusive work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986); *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 825 (6th Cir. 1997). The statute grants employees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor*, 477 U.S. at 65, 106 S.Ct. at 2405.

*Id*.

The elements of a retaliation claim under Title VII are "similar but distinct from those of a discrimination claim." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).

> To establish a *prima facie* case of retaliation under Title VII, Plaintiff must demonstrate that: (1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was materially adverse to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.

*Id*. (internal quotation marks omitted).

Here, the gist of plaintiff's *pro se* letter/complaint is that she was fired from her job due to discrimination, sexual harassment, and retaliation, and that she was not fired due to "Quality Inspection and Safety issues" as stated by PCA.  The complaint is internally inconsistent, because plaintiff claims that she was fired by PCA while she was in the process of being hired by PCA. Based on the allegations, it appears that plaintiff was actually an employee of Manpower when she was fired.  In addition, it is not entirely clear as to: how non-parties Cheves and Johnson are related to plaintiff's claims (*e.g.*, were they co-workers? supervisors? employees of PCA?  or employees of Manpower?); the acts of the alleged discrimination and harassment; and, the underlying facts which support the retaliation claim.  In short, while plaintiff has set forth some facts which, if accepted as true, could state a claim under Title VII, her "letter/complaint" does not identify her claims in a manner which either allows for this Court to perform a *sua sponte* review, or for a defendant to respond to the complaint.

To remedy this situation, the Court looks to Fed. R. Civ. P. 8 and 10.  Fed. R. Civ. P. 8(a) requires that a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support" and  "(2) a short and plain statement of the claim showing that the pleader is entitled to relief."  In addition, Fed. R. Civ. P. 10(b) provides in pertinent part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on

a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a

separate count[.]"

Based on this record, the best path forward is to dismiss plaintiff's complaint

without prejudice and allow her to file an amended complaint consistent with the Federal Rules of

Civil Procedure and the caselaw cited in this report.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be

**DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

I further recommend that plaintiff be given **28 days** to file an amended complaint

consistent with this report.

Dated:  June 28, 2019                                    /s/ Ray Kent
                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).