UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA LOUISE HARDY,

        Plaintiff,

Case No. 1:19-cv-495

Hon. Robert J. Jonker

v.

PACKAGING CORPORATION
OF AMERICA,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **Discussion**

*Pro se* plaintiff Gina Louise Hardy filed this discrimination action against defendant Packaging Corporation of America [PCA] seeking $100,000.00. Her complaint consisted of a one-page letter. Compl. (ECF No. 1). Plaintiff was granted *in forma pauperis* status. The undersigned reviewed the complaint pursuant to 28 U.S.C § 1915(e)(2)(B) which provides in part that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" Ultimately, the Court concluded that the complaint was deficient and proposed the following remedy:

> Here, the gist of plaintiff's *pro se* letter/complaint is that she was fired from her job due to discrimination, sexual harassment, and retaliation, and that she was not fired due to "Quality Inspection and Safety issues" as stated by PCA. The complaint is internally inconsistent, because plaintiff claims that she was fired by PCA while she was in the process of being hired by PCA. Based on the allegations, it appears that plaintiff was actually an employee of Manpower when she was fired. In addition, it is not entirely clear as to: how non-parties Cheves and Johnson are

1

> related to plaintiff's claims (*e.g.*, were they co-workers? supervisors? employees of PCA? or employees of Manpower?); the acts of the alleged discrimination and harassment; and, the underlying facts which support the retaliation claim. In short, while plaintiff has set forth some facts which, if accepted as true, could state a claim under Title VII, her "letter/complaint" does not identify her claims in a manner which either allows for this Court to perform *a sua sponte* review, or for a defendant to respond to the complaint.
>
> To remedy this situation, the Court looks to Fed. R. Civ. P. 8 and 10. Fed. R. Civ. P. 8(a) requires that a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Fed. R. Civ. P. 10(b) provides in pertinent part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count[.]"
>
> Based on this record, the best path forward is to dismiss plaintiff's complaint without prejudice and allow her to file an amended complaint consistent with the Federal Rules of Civil Procedure and the caselaw cited in this report.

Report and Recommendation (R&R) (ECF No. 7, PageID.17-18).

Plaintiff did not object to the R&R; rather, she filed a seven-page amended complaint (ECF No. 8). The Court rejected the R&R as moot and directed the undersigned to respond to the amended complaint. *See* Order (ECF No. 9).

This matter is now before the Court on a review of plaintiff's "letter/amended complaint." Plaintiff's amended complaint did not comply with the recommendation that she be allowed to file an amended complaint "consistent with the Federal Rules of Civil Procedure and the caselaw cited in this report." PageID.18. Rather, plaintiff filed a longer (6-page) letter discussing events from January 2017, through July 2017, which contained over 20 paragraphs of narratives, including "responses" to PCA's "responses" to her allegations. Plaintiff's narrative amended complaint does not contain numbered paragraphs, does not comply either Fed. R. Civ. P.

2

8(a) or 10(b), and does not clearly address the issue of whether her claim is against Manpower Group (who employed plaintiff and assigned her to work at PCA on January 23, 2017) (PageID.20), PCA, or both.  In this regard, plaintiff stated that while she was an employee of Manpower, she was in a "pre-employment phase and was fired 3 days after completion of the application and drug test by Packaging Corporation of America."  PageID.20.  Plaintiff further stated that "after this transition" she made written and verbal complaints of harassment ("sexual and harassment of intimidation") to both Manpower and PCA "in regards to EEOC [U.S. Equal Employment Opportunity Commission] Case #471-2018-01311".  *Id*.  Then, plaintiff stated that "I was fire [sic] in retaliation by Craig Peterson, Plant Manager on July 13, 2017." *Id*.

Attached to plaintiff's letter is a March 7, 2018 letter from the EEOC to plaintiff's attorney, Mr. Steven Drew, stating that the Commission will dismiss plaintiff's discrimination claim filed against PCA on February 7, 2018, which alleged sexual harassment, "retaliation discharge for complaining of sexual harassment," and "a belief that she was discharged due to a disability, in violation of the Americans with Disabilities Act of 1990, as amended."  *See* Letter (March 7, 2018) (ECF No. 8-1, PageID.38-39).  Plaintiff also attached a letter from PCA to the EEOC, dated October 23, 2018, setting forth a statement of facts and responses to plaintiff's claims made in her EEOC case.  PCA Letter (ECF No. 8-1, PageID.27-33).  Finally, plaintiff attached a May 16, 2019 letter from the EEOC which denied her request for reconsideration of the dismissal, advised plaintiff that the dismissal notice was sent to her attorney on March 20, 2019, and further advised plaintiff that she has 90 days from her receipt of the dismissal notice to file a private lawsuit.  *See* Letter (May 16, 2019) (ECF No. 8-1, PageID.35-36).

3

While Attorney Steven Drew represented plaintiff during the administrative proceedings, plaintiff filed this federal lawsuit without an attorney. *Pro se* litigants, such as plaintiff, "are required to follow the rules of civil procedure." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). A *pro se* plaintiff "volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "While courts have historically loosened the reins for pro se parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." *Eagle Eye Fishing Corporation v. United States Department of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (internal citations and quotation marks omitted).

Here, plaintiff's letter/amended complaint does not comply with the Court's rules or the directions set forth in the R&R. Plaintiff has made no attempt to draft her amended complaint consistent with this Court's directives or the Federal Rules of Civil Procedure. Defendant will not be required to sort through and interpret each sentence of plaintiff's letter/amended complaint to determine how to prepare an answer to her pleading. Based on this record, the undersigned concludes that plaintiff has failed to comply with the Court's rules and that her failure to comply with the Court's directives amounts to a failure to prosecute her claim. Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This Court can order dismissal under Fed. R. Civ. P. 41(b) on its own motion. *See Steward v. City of Jackson, Tenn.*, 8 Fed. Appx. 294, 296 (6th Cir. 2001) ("Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal") (citing *Link v. Wabash Railroad Company*, 370

U.S. 626, 630 (1962)).

To accomplish this dismissal, W.D. Mich. LCivR 41.1 provides that,

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs.

This R&R shall serve as the order to show cause for purposes of W.D. Mich. LCivR 41.1, and plaintiff's objections to the R&R shall serve as her opportunity to show cause why her case should not be dismissed. For all of these reasons, the undersigned recommends dismissal of plaintiff's action.

## II.    Recommendation

Accordingly, I respectfully recommend that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41.1 for want of prosecution and failure to comply with the rules and orders of this Court. Timely objections to this Report and Recommendation shall be considered plaintiff's opportunity to show cause why this matter should not be dismissed.

Dated:  October 18, 2019                    /s/ Ray Kent
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5